# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ISSOUF COUBALY, *et al.*,
*Plaintiffs*,

v.  Civil Action No. 21-0386 (DLF)

CARGILL, INCORPORATED, *et al.*,
*Defendants*.

## PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER

Terrence P. Collingsworth (D.C. Bar No. 471830)
INTERNATIONAL RIGHTS ADVOCATES
621 Maryland Avenue, NE
Washington, D.C. 20002
Telephone: (202) 543-5811
tc@iradvocates.org
*Counsel for Plaintiffs*

This responds to the Court's Show Cause Order, Dkt. 46. The Court specifically directed Plaintiffs to address two issues: (1) Whether Plaintiffs "misrepresented" the corporate entity within the Nestlé conglomerate that issued a company statement displayed at the end of the new film, *The Chocolate War*; and (2) Plaintiffs' failure "to disclose plaintiff counsel's role in producing the film." *Id*. at 1. Both of these accusations were made by Nestlé USA in its motion to strike (Dkt. 41) Plaintiffs' filing of Supplemental Factual material (Dkt. 40). Plaintiffs did not reply to the Nestlé USA filing because they viewed the two accusations made as irrelevant to the purpose of their Supplemental filing – to provide further factual support that Nestlé USA was misrepresenting to the Court the nature of its relationship with its cocoa farmers in Cote D'Ivoire. When Nestlé USA represented to the Court that it merely was an innocent purchaser of cocoa and had no relationship with its farmers, *see* ECF No. 27 at 11, this directly contradicted the allegations of the Complaint (¶¶ 39,53, 55,70,71,82-84,89,94, 99,101,112,113,115,123-24,154-56) ***and*** the statement issued by "Nestlé" that was displayed at the end of the film (Exhibit A to Dkt. 40).

Defendant Nestlé USA's assertion that "Plaintiffs' 'newly discovered' factual material is the trailer for a documentary" (Dkt. 41 at 1) is flat out wrong in two objective ways. First, Plaintiffs were not in any way relying on the content of the trailer, but were demonstrating that the producers of the film had allowed "Nestlé" to issue a disclaimer of sorts at the end of the film, and that statement flatly contradicted Nestlé USA's key legal assertion in this case. Second, counsel for Plaintiffs did not learn about the Nestlé statement at the end of the film until he watched the film for the first time at the March 22, 2022 world premiere at the Copenhagen Film festival. He then obtained the full Nestlé statement from the producers of the film and filed the

Supplemental pleading (Dkt. 40) on March 28, 2022. Thus, contrary to Nestlé USA's assertion, it was in fact "newly discovered" and promptly filed. See Declaration of Terrence P. Collingsworth ("Collingsworth Decl.") ¶ 2, filed concurrently herewith.

While Plaintiffs continue to maintain that Nestlé USA's false accusations are not material to the purpose and substance of Plaintiffs' Supplemental Filing, they can and will easily rebut the false accusations and demonstrate that there was no "misrepresentation," nor was there a failure to disclose. As to the alleged misrepresentation, Nestlé USA *says* that the statement at the end of the film "is from nonparty Nestlé *S.A.*", Dkt, 41 at 2, but in the sole communication between the producers of the film and "Nestlé" there is no attribution of which Nestlé entity issued the statement. *See* Exhibit A to Dkt. 40, Dkt 40-1 at 2. Indeed, in the text of the message, "Nestlé" is mentioned numerous times in the context of claiming credit for the "Nestlé Cocoa Plan" and other good works by "Nestlé." The only time a distinction is made in the text is in referring to a case in the Supreme Court, *Doe v. Nestle USA*. *Id*. The producers sent their offer to allow "Nestlé" to respond to the movie to "Mr. Christoph Meier and Nestlé representatives" and the "Nestlé" response came from Mr. Meier without attribution of his position or which "Nestlé" entity he was speaking for.[1] *Id*. at 1,3. The actual "Nestlé" statement at the end of the film is attributed to "Nestlé," not Nestlé SA. See Collingsworth Decl. at ¶ 3 and Exhibit 1 thereto.

In Plaintiffs' Supplemental filing (Dkt. 40), in every instance in which they discuss the film or the "Nestlé" statement, they attribute it to "Nestlé" just as "Nestlé" did in issuing the

---

[1] Nestlé USA cites in a footnote with information from https://www.nestle.com/media/mediacontacts/nestle-group, NOT Nestlé SA, that Mr. Meier is the "Head of Corporate Media Relations Nestlé, S.A.." Dkt. 41 at 3, n.2. Well, assuming that is true, Mr. Meier absolutely did not attribute his statement to any specific Nestlé entity.

statement. As should be beyond dispute, Plaintiffs did not "misrepresent" which "Nestlé" entity issued the Statement that Plaintiffs submitted to the Court. Plaintiffs merely acted consistent with how "Nestlé" portrayed the statement.

If Plaintiffs had known that Nestlé SA had issued the statement for Nestlé SA alone, a fact that is not at all clear and it is more likely they used "Nestlé" to indicate that the entire company was behind the statement, Plaintiffs would have flagged that with a neon sign. If only Nestlé SA had issued the statement, that would indicate that Nestlé SA was telling the public they were at least working with their farmers to solve the child labor issue while Nestlé USA was the rogue entity misrepresenting to this Court that they, like kids buying candy bars, were mere purchasers of cocoa.

As to the second issue, Plaintiffs did not fail "to disclose plaintiff counsel's role in producing the film." Dkt. 46 at 1. As an initial matter and as previously noted, the trailer and the film were not part of any assertion of fact. The facts presented to the Court were that "Nestlé" issued a statement to the producers of the film, it was partially included at the end of the film, and its assertion of "Nestlé" making great progress in working with their farmers to reduce child labor contradicts the Nestlé USA assertion to this Court that they have no relationship at all with their farmers. All of that is undeniable and true regardless of Plaintiffs' counsel's role in the film. Plaintiffs had absolutely no incentive to fail to disclose anything.

But, more fundamentally, Plaintiffs did not disclose their counsel's "role in producing the film" because ***he had no such role***. Plaintiffs' counsel was a subject/participant in a documentary film and that is all. Collingsworth Decl. at ¶¶ 4-6. Miki Mistrati, the Director of the film, had a strong record of making documentary films about child slavery in the cocoa sector and he approached Mr. Collingsworth about allowing him to film aspects of the litigation

3

in *Doe v. Nestlé USA*, a case first filed in 2005 under the Alien Tort Statute and ultimately dismissed by the Supreme Court in *Nestle USA, Inc. v. Doe*, 141 S.Ct. 1931, 1939 (2021). This approach by Mr. Mistrati was the first time Mr. Collingsworth met him, and he did agree to allow the filming for an educational documentary already titled *The Chocolate War*. Collingsworth Decl. at ¶¶ 4-5.

Nestlé USA reveals with great fanfare a screenshot of the trailer showing that Plaintiffs' counsel had a "starring role" role in the film. Dkt 41 at 1. That screenshot was within the trailer link provided to the Court in the first paragraph of the first page of the Supplemental filing, Dkt 40 at 1, so there clearly was no effort to hide counsel's presence in the film. Further, if having a prominent role in the film converts one to a "producer" of the film, then Mr. Boutros, Nestlé USA's lead counsel in this case, is a co-producer as he is also prominently featured in the trailer and the film. This is apparent within the first seconds of the trailer, provided again here:

https://vimeo.com/689155324

Nestlé USA based its false accusation on rank speculation and fails to provide any basis for accusing Plaintiffs' counsel of failing to disclose he is a producer of the film.[2] Nestlé USA and its counsel should be subject to a Rule 11 (b)(1) Show Cause Order for falsely accusing Plaintiffs' counsel of misrepresenting the proper attribution of the Nestlé statement and for failing to disclose his role in producing the film.

---

[2] Nestlé USA's assertion that the listing of Mr. Mistrati as an IRAdvocates "partner" convert's Plaintiffs' counsel to a "producer" of the film is frivolous. *See* Dkt. 41 at 1, n.1. That list includes other lawyers, individuals, and institutions that are making a significant contribution to advancing human rights. Mr. Mistrati's three films documenting child slavery in cocoa harvesting, with a focus on Nestlé's role in perpetuating and profiting from child slavery, certainly earns him a spot on the list. *See* Collingsworth Decl. at ¶ 4.

Plaintiffs respectfully request that the Show Cause Order be deemed satisfied. Plaintiffs further request that the Court reconsider and deny Nestlé USA's Motion to Strike the Supplemental filing. The major reasons Nestlé USA cited to support the Motion to Strike have proven to be false.

Respectfully submitted this 5th day of July 2022

      s/ Terrence P. Collingsworth
      Terrence P. Collingsworth (D.C. Bar No. 471830)
      INTERNATIONAL RIGHTS ADVOCATES
      621 Maryland Avenue, NE
      Washington, D.C. 20002
      Telephone: (202) 543-5811
      tc@iradvocates.org
      *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2022 I electronically filed the foregoing with the United States District Court for the District of Columbia by using the CM/ECF system, which will send a notice of filing to all registered users.

Date: July 5, 2022

/s/ Terrence P. Collingsworth
Terrence P. Collingsworth (D.C. Bar No. 471830)
INTERNATIONAL RIGHTS ADVOCATES
621 Maryland Avenue, NE
Washington, D.C. 20002
Telephone: (202) 543-5811
tc@iradvocates.org

*Counsel for Plaintiffs*